IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WILLIE DUNN, PAUL BIGGINS,
AND NORMA TURNER                                              PLAINTIFFS

VERSUS                                         NO. 3:18cv200-DMB-RP

TUNICA COUNTY AND
CALVIN "K.C." HAMP,
In His Individual Capacity                                    DEFENDANTS

JURY TRIAL DEMANDED

## COMPLAINT

This is a civil action to recover back pay and benefits, compensatory damages,

punitive damages, and reinstatement or, in the alternative, front pay, for gender

discrimination and retaliation, in violation of the First Amendment and Fourteenth

Amendment, made actionable pursuant to 42 U.S.C. § 1983.

## PARTIES

1. The Plaintiff, Willie Dunn, is an adult resident citizen of Horn Lake,

Mississippi.

2. The Plaintiff, Paul Biggins, is an adult resident citizen of Memphis, Tennessee.

3. The Plaintiff, Norma Turner, is an adult resident citizen of Robinsonville,

Mississippi,

4. The Defendant, Tunica County, is a political subdivision of the State of

Mississippi. The Defendant Tunica County may be served with process by service of

complaint and summons upon its Chancery Clerk, Honorable Rechelle R. Siggers, 1300 School Street, Tunica, Mississippi 38676.

5. The Defendant Calvin "K.C." Hamp, In His Individual Capacity, is an adult resident citizen of Tunica, Mississippi. The Defendant Hamp mat be served with process by service of a complaint and summons upon him, at 5126 Old Mhoon Landing Road, Tunica, Mississippi 38676.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. 1343(a)(3) (Civil Rights).

7. Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. § 1391, since a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

## CAUSE OF ACTION

8. Willie Dunn worked for the Defendant Tunica County for approximately twenty-five years. At all times relevant to this civil action, Mr. Dunn was a loyal and conscientious employee of the Defendant Tunica County.

9. Paul Biggins worked for the Defendant Tunica County for approximately yeas. At all time relevant to this civil action, Mr. Biggins was a loyal and conscientious employee.

2

10. Norma Turner worked for the Defendant Tunica County for approximately sixteen years. At all times relevant to this civil action began her employment with the Defendant Tunica County in At all times, Ms. Turner was a loyal and conscientious employee.

11. Prior to the election of the Defendant Hamp, as the sheriff of Tunica County, the prior two sheriffs of Tunica County were removed from office as a result of felony convictions for federal offenses.

12. At the time he ran for office and was elected, the Defendant Hamp was an earnest sheriff's deputy supported by the bulk of the officers in the Tunica County Sheriff's Department.

13. Due to the support of his fellow sheriffs deputies and the federal charges pending against the then incumbent Sheriff of Tunica County the Defendant Hamp was elected sheriff.

14. Regrettably, the power afforded to him as the sheriff corrupted the Defendant Hamp's judgment.

15. The Defendant Hamp formed a close professional and personal relationship with Eugene Bridges an elected constable in Tunica County and a commander in the sheriff's department.

16. Mr. Bridges had a known proclivity to engage in questionable, inappropriate,

3

and harassing sexual behaviors and relationships with subordinate female employees subject to his command.

17. Mr. Bridges used his position and authority as a commander in the sheriff's department to coerce a female employee into a sexual relationship with him based upon intimidation and threats.

18. Mr. Dunn approached the Defendant Hamp and advised him that Mr. Bridges was engaged in an inappropriate training relationship with the female employee and was engaged in sexual harassment of said female employee.

19. Mr. Biggins took action to change the female officer's shift in order to remove her from the command of one of Mr. Bridges' cronies and to protect her.

20. The Defendant Hamp though fully aware of Mr. Bridges' history of sexual misconduct and the inappropriate sexual misconduct of Mr. Bridges towards said female employee ignored the reports made to him by Mr. Dunn and took no action to investigate or remedy the matter.

21. The Defendant Hamp individually and as a policy-making official for Tunica County, with respect to the operation of the sheriff's department, ratified and condoned the sexual harassment of the female employee. and ratified Mr. Bridges' sexual misconduct.

22. The Defendant Bridges told the female employee the Defendant Hamp relied

4

on him for all decisions pertaining to the operation of the sheriff's department and the Defendant Hamp would not take any adverse action against him.

23. Fed up with the unremitting sexual harassment from Mr. Bridges, and the lack of any corrective action by the Defendant Hamp the female employee filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

24. It was only after the female employee filed a charge of discrimination with the EEOC the Defendant Hamp initiated a so-called investigation.

25. The female employee met with the Defendant Hamp's "investigator" and stated that Mr. Bridges sexually harassed her and provided details of his sexual misconduct towards her.

26. In addition, the female employee told the investigator that Mr. Bridges had previously attempted to coerce her into initiating a sexual relationship with Mr. Dunn in order to then accuse him of sexual harassment in an effort to ruin his career in law enforcement.

27. Despite never having sexually harassed the female employee the Defendant Hamp through his "investigator" falsely implicated and charged both Mr. Dunn and Mr. Biggins with sexual harassment.

28. In fact, the Defendant Hamp knew neither Mr. Dunn nor Mr. Biggins engaged in sexual harassment because the female employee had told his "investigator"

5

that Mr. Dunn had never acted inappropriately towards her and never mentioned Mr. Biggins as having sexually harassed her.

29. On the contrary, Mr. Dunn and Mr. Biggins were both helpful towards the female employee and attempted to intervene directly with the Defendant Hamp on her behalf and to alleviate her difficult situation and end the sexual harassment she was subjected to by Mr. Bridges.

30. In retaliation for their opposition to the sexual harassment to which the female employee was subjected, the Defendant Hamp caused and allowed knowingly false allegations of sexual harassment to be leveled in the media causing injury to Mr. Dunn and Mr. Biggins.

31. Neither Mr. Dunn nor Mr. Biggins were permitted to clear their names as the Defendant Hamp was the source of the knowingly false allegations and the final policy-making official regarding all employment related matters within the sheriff's department.

32. As a result of the knowingly false allegations of sexual harassment leveled against him, by the Defendant Hamp, Mr. Dunn was suspended from the sheriff's department.

33. Based, in part, on the knowingly false allegations of sexual harassment leveled by the Defendant Hamp, Mr. Biggins resigned his employment with the sheriff's

6

department.

34. Mr. Biggins' resignation due to the false and malicious allegations of sexual harassment leveled against him by the Defendant Hamp amounted to a constructive discharge.

35. Due to the overwhelming evidence of sexual misconduct perpetrated by Mr. Bridges towards the female employee the Defendant Hamp was forced to terminate the employment of Mr. Bridges against his wishes.

36. However, despite his knowledge that Mr. Dunn was innocent of any sexual harassment of the female employee the Defendant Hamp terminated the employment of Mr. Dunn.

37. The Defendant Hamp leveled the false allegations of sexual harassment against Mr. Dunn and Mr. Biggins in retaliation for their reports to him of the sexual misconduct committed by Mr. Bridges and their efforts to ameliorate the situation of the female employee.

38. The Defendant Hamp also held Mr. Dunn and Mr. Biggins responsible for the female employee's filing of a charge of discrimination with the EEOC.

39. After his termination, during a telephone conversation with the Defendant Hamp, the Defendant Hamp admitted to Mr. Dunn that he had fired him and others because they were behind the female officer filing a sexual harassment complaint

against Mr. Bridges and because they supported her.

40. At the time of these events and occurrences the Defendant Hamp was involved in a contested re-election campaign with Dennis Allen a former sheriff's deputy.

41. The Defendant Hamp engaged in political intrigue, including having his sheriff's deputies monitor Dennis Allen's campaign and those associated with it and report back to him regarding which sheriff's department employees spoke with Dennis Allen or those associated with his campaign.

42. Ms. Turner had a gym membership at the same gym where Eugene Payne, a former sheriff's deputy and campaign worker for Dennis Allen, worked out. Ms. Turner considered Mr. Payne a friend.

43. Mr. Payne told Ms. Turner that the Defendant Hamp had put out the word that he would fire anyone associating with Dennis Allen or him.

44. Ms. Turner was also told by a sheriff's department employee that the Defendant Hamp said that he was going to get rid of a lot of these n-----s running up to Dennis Allen's face.

45. The Defendant Hamp told Mr. Dunn, prior to the termination of his employment that he had seen Ms. Turner speaking with Mr. Payne and knew that she was supporting Dennis Allen. The Defendant Hamp told Mr. Dunn that he was just

8

waiting until after the election to terminate her employment.

46. True to his word, on November 4, 2015 the day after the election, the Defendant Hamp terminated Ms. Turner's employment because, "Your services are no longer needed."

47. After terminating Mr. Bridges' employment, the Defendant Hamp maintained a close personal and professional relationship with him despite his unlawful and shameful conduct. The Defendant Hamp has since rehired Mr. Bridges.

48. The actions of the Defendant Hamp were intentional and taken in willful disregard of the plaintiffs' federally protected rights.

49. At all times relevant to this civil action, the Defendant Hamp acted under color of state law.

50. At all times relevant to this civil action, the Defendant Hamp was the Sheriff of Tunica County and a final policy-making official for Tunica County, with respect to the operation of the sheriff's department and all employment related matters thereto.

Claim 1 - First and Fourteenth Amendment Retaliation

51. The Defendant Tunica County and the Defendant Hamp violated Mr. Dunn's and Mr. Biggins' First and Fourteenth Amendment rights to equal protection and freedom of speech by leveling knowingly false allegations of sexual harassment against them and terminating their employment because of their opposition to gender

9

discrimination within the sheriff's department and their speech on a matter of public concern.

52.  The Defendant Tunica County and the Defendant Hamp are liable to Mr. Dunn and Mr. Biggins for violating their First and Fourteenth Amendment rights to be free from retaliation for opposing gender discrimination and for speech on a matter of public concern in public employment.

53.  Based on the Defendant Tunica's and the Defendant Hamp's intentional retaliation, Mr. Dunn and Mr. Biggins suffered injury and are entitled to money damages.

Claim 2 - Fourteenth Amendment Due Process Occupational Liberty

54.  The Defendant Tunica County and the Defendant Hamp violated Mr. Dunn's and Mr. Biggins' Fourteenth Amendment right to due process by leveling knowingly false and stigmatizing allegations of sexual harassment against them; making the false and stigmatizing allegations of sexual harassment publicly and disseminating those statements to the media; and impairing their ability to pursue their chosen profession as law enforcement officers.

55.  The Defendant Tunica County and the Defendant Hamp are liable to Mr. Dunn and Mr. Biggins for violating their Fourteenth Amendment right to occupational liberty.

10

56. Based on the Defendant Tunica's and the Defendant Hamp's intentional violation of their right to occupational liberty, Mr. Dunn and Mr. Biggins suffered injury and are entitled to money damages.

Claim 3 - First Amendment Retaliation

57. The Defendant Tunica County and the Defendant Hamp violated Ms. Turner's First Amendment right to freedom of political expression by terminating her employment because of the perception and/or fact that she supported a rival candidate for the office of Sheriff of Tunica County.

58. The Defendant Tunica County and the Defendant Hamp are liable to Ms. Turner for violating her First Amendment right to be free from retaliation for her perceived or actual political expression in public employment.

59. Based on the Defendant Tunica's and the Defendant Hamp's intentional retaliation, Ms. Turner suffered injury and is entitled to money damages.

AD DAMNUM

60. The plaintiffs pray for the following relief:

    a. Back pay and lost employee benefits;

    b. Compensatory damages for future non-pecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to reputation, and other non-pecuniary losses;

11

    c.  Punitive damages, as to the individual defendant only;

    d.  Reinstatement, or, in the alternative, front pay; and

    e.  Reasonable costs and attorney's fees.

Respectfully submitted, this the 14th day of September, 2018.

/s/ Victor Israel Fleitas

VICTOR I. FLEITAS
MS BAR NO. 10259

Victor I. Fleitas, P.A.
452 North Spring Street
Tupelo, Mississippi 38804
662.840.0270 / Telephone
662.840.1047 /Facsimile
fleitasv@bellsouth.net /Email

Attorney for Willie Dunn, Paul Biggins
      & Norma Turner

12